UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

HAROLD LITWIN,

                Plaintiff,

        vs.

GANNETT CO., INC., JOHN JEFFRY LOUIS,
PAUL BASCOBERT, JOHN E. CODY,
STEPHEN W. COLL, DONALD FELSINGER,
LILA IBRAHIM, LAWRENCE S. KRAMER,
DEBRA A. SANDLER, and CHLOE R.
SLADDEN,

              Defendants.

------------------------------------------------------------

Case No._____

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

Plaintiff Harold Litwin ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE AND SUMMARY OF THE ACTION

1.      This action is brought by Plaintiff against Gannett Co., Inc. ("Gannett" or the "Company") and the members of Gannett's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Gannett will be acquired by New Media Investment Group Inc. ("New Media") through its wholly owned subsidiaries, Arctic Holdings LLC ("Intermediate Holdco") and Arctic Acquisition Corp. ("Merger Sub") (the "Proposed Transaction").

2.      On August 5, 2019, Gannett and New Media issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated August 5, 2019 (the "Merger Agreement").   Under the terms of the Merger Agreement, each Gannett stockholder will be entitled to receive 0.5427 of a share of New Media common stock and $6.25 in cash for each share of Gannett common stock they own (the "Merger Consideration").  Based on New Media's October 9, 2019 closing stock price of $8.08, the Merger Consideration has an implied value of $10.64 per Gannett share.

3.      On October 10, 2019, Gannett filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Gannett stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) Gannett's financial projections, relied upon by the Company's financial advisors, Greenhill & Co. LLC ("Greenhill") and Goldman Sachs & Co. LLC ("Goldman"), in their financial analyses; and (ii) Company insiders' potential conflicts of interest. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      In short, unless remedied, Gannett's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Gannett's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Gannett.

9.     Defendant Gannett is a Delaware corporation, with its principal executive offices located at 7950 Jones Branch Drive, McLean, Virginia 22107.  Gannett is a digitally focused media and marketing solutions company.  The Company's common stock trades on the New York Stock Exchange under the ticker symbol "GCI."

10.    Defendant John Jeffry Louis ("Louis") has been Chairman of the Board since June 2015.

11.    Defendant Paul Bascobert ("Bascobert") has been President, Chief Executive Officer ("CEO"), and a director of the Company since August 2019.

12.    Defendant John E. Cody ("Cody") has been a director of the Company since June 2015.

13.     Defendant Stephen W. Coll ("Coll") has been a director of the Company since July 2015.

14.     Defendant Donald Felsinger ("Felsinger") has been a director of the Company since September 2015.

15.     Defendant Lila Ibrahim ("Ibrahim") has been a director of the Company since June 2015.

16.     Defendant Lawrence S. Kramer ("Kramer") has been a director of the Company since June 2015.

17.     Defendant Debra A. Sandler ("Sandler") has been a director of the Company since June 2015.

18.     Defendant Chloe R. Sladden ("Sladden") has been a director of the Company since June 2015.

19.     Defendants identified in paragraphs 10-18 are referred to herein as the "Board" or the "Individual Defendants."

### OTHER RELEVANT ENTITIES

20.     New Media is a Delaware corporation with its principal executive offices located at 1345 Avenue of the Americas, 45th Floor, New York, New York 10105.  New Media supports small to mid-size communities by providing locally focused print and digital content to its consumers, as well as marketing and technology solutions for its small and medium-sized business partners.  New Media's common stock trades on the New York Stock Exchange under the ticker symbol "NEWM."

21.     Intermediate Holdco is a Delaware limited liability company and wholly owned subsidiary of New Media.

22.     Merger Sub is a Delaware corporation and wholly-owned subsidiary of Intermediate Holdco.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and Proposed Transaction

23.     Gannett is a digitally focused media and marketing solutions company. Gannett owns ReachLocal, Inc. ("ReachLocal"), a digital marketing solutions company, the USA TODAY NETWORK, and Newsquest. The Company reports in two operating segments: the publishing segment, comprised of the USA TODAY NETWORK and Newsquest, and the ReachLocal segment.

24.     The Company's publishing segment generates revenue primarily through advertising and subscriptions to its print and digital publications. ReachLocal helps local businesses advertise online to find customers by providing a unified solution to solve their digital marketing needs.

25.     On August 5, 2019, Gannett issued a press release announcing its second quarter 2019 financial results, including digital revenues reaching 37% of total revenues and digital advertising and marketing services revenues reaching 50% of total advertising and marketing services revenues. Barbara Wall, the Company's Senior Vice President, Interim Chief Operating Officer and Chief Legal Officer, commented on the results, stating:

> We are pleased with our results for the second quarter, delivering Adjusted EBITDA in-line with our expectations and achieving a key milestone with 50% of our advertising and marketing services revenue from digital sources. . . . Print advertising and circulation trends were stable in the quarter and we delivered sequential improvements in our client counts and retention within our digital marketing services business. We believe we are well positioned to drive future growth within digital advertising and marketing services.

26.     Also on August 5, 2019, Gannett and New Media issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

NEW YORK & MCLEAN, Va.--New Media Investment Group Inc. ("New Media") (NYSE: NEWM) and Gannett Co., Inc. ("Gannett") (NYSE: GCI) announced today that New Media and Gannett have entered into a definitive agreement (the "Merger Agreement") pursuant to which New Media will acquire Gannett for a combination of cash and stock (the "Merger").

Under the terms of the Merger Agreement, shareholders of Gannett will receive $6.25 in cash and 0.5427 of a New Media share for each Gannett share they hold, representing total consideration of $12.06 per Gannett common share based on New Media's closing stock price as of August 2, 2019, and a premium of approximately 18% to the five-day volume-weighted average price of Gannett shares as of that date. After the close of the transaction, Gannett shareholders will hold approximately 49.5% of the combined company and New Media shareholders will hold approximately 50.5%.

The Merger brings together the portfolios of two leading local newspaper companies, and includes USA TODAY, Gannett's flagship brand, and its more than 160 brands in the U.K., which will significantly expand the existing USA TODAY NETWORK. This combination will create a broad network of talented, experienced journalists poised to deliver unique and award-winning content for local communities and national audiences. The breadth and depth of each company's digital offerings will make the combined company a leading digital media player. Additionally, the joining of New Media's UpCurve and GateHouse Live businesses with Gannett's ReachLocal and WordStream subsidiaries will provide multiple, diversified marketing and revenue solutions and position the combined company as a stronger partner for advertisers and small businesses ("SMBs") in the markets served.

With strategically-aligned leadership and significant scale of operations, the Merger will accelerate the combined company's digital transformation. The Merger also affords an opportunity to realize run-rate cost synergies of $275 - $300 million annually across the combined company in a judicious manner, while continuing to invest in newsrooms.

"We believe this transaction will create value for our shareholders, greater opportunities for our employees, and a stronger future for journalism. Gannett is an innovative, digitally-focused media and marketing solutions company with well-known brands worldwide. Uniting our talented employees and complementary portfolios will enable us to expand our comprehensive, hyperlocal coverage for consumers, deepen our product offering for local businesses, and accelerate our shift from print-centric to dynamic multimedia operations. We are honored to become a part of Gannett's storied history and a steward of their strong media properties into the future. We are committed to delivering significant synergies in a thoughtful manner, consistent with our shared goals for the business," said Michael Reed, New Media Chairman and Chief Executive Officer.

"The Gannett Board unanimously determined that this combination with New Media is in the best interests of Gannett shareholders, customers, audiences, and employees, providing significant and immediate value, as well as the ability to benefit from the upside potential of the combined company," said J. Jeffry Louis, Chairman of the Gannett Board of Directors. "We see numerous opportunities to leverage the combined company's enhanced scale and financial strength to continue to drive growth in the digital future. Importantly, we have found in New Media a strong partner and cultural fit for Gannett as we continue delivering on a shared commitment to journalistic excellence for the communities we serve."

\* \* \*

## Leadership and Governance

The combined company's management team will be led by New Media's current Chairman and Chief Executive Officer, Michael Reed. Alison Engel, Gannett's current Chief Financial Officer, is expected to serve as the Chief Financial Officer of the combined organization upon closing. Gannett's newly appointed Chief Executive Officer, Paul Bascobert, will become Chief Executive Officer of the combined company's operating subsidiary. The rest of the combined company's senior executive team, which is expected to be composed of highly experienced leaders from both companies, will be announced at a later date.

Mr. Bascobert was the President of XO Group from 2016 until its sale to Permira Equity in 2019. During his tenure, he helped lead the company's transformation from a media company to a marketplace business. Prior to XO, Mr. Bascobert led sales, service, and marketing for the Local Businesses segment at Yodle from 2014 until 2016. Before that, he spent four years at Bloomberg LP as President of Bloomberg Businessweek from 2010 until 2014, in addition to serving as Chief Operating Officer of the Media Group from 2011 to 2014. Mr. Bascobert joined Bloomberg from Dow Jones & Co. where he was Senior Vice President of Operations from 2006 until 2007 and Chief Marketing Officer from 2007 until 2009.

The combined company's Board of Directors will have nine members, including Mr. Reed as Chairman, five independent directors from New Media, and three independent directors from Gannett. Mr. Kevin Sheehan, who currently serves as New Media's Lead Director, will serve as the combined company's Lead Director. New Media has been actively engaged in a director search and expects to announce two additional independent directors prior to closing. The companies believe that diversity can strengthen board performance and New Media is actively searching for women and other candidates with diverse backgrounds and experiences.

After the closing of the Merger, both New Media and its operating subsidiary GateHouse, will be rebranded and operate under the "Gannett" brand. The

combined company will be headquartered in McLean, Va., with a continued corporate presence in existing locations.

**Insiders' Interests in the Proposed Transaction**

27.     Gannett insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Gannett.

28.     Notably, according to the August 5, 2019 press release announcing the Proposed Transaction, defendant Bascobert and Alison Engel ("Engel"), Gannett's current Chief Financial Officer ("CFO"), have secured positions for themselves as CEO of the combined company's operating subsidiary and CFO of the combined company, respectively.

29.     Moreover, if they are terminated in connection with the Proposed Transaction, Gannett's named executive officers stand to receive substantial cash severance payments as set forth in the following table:

| Named Executive Officer | Cash ($)[1] | Long-Term Incentive ($)[2] | Perquisites/ Benefits ($)[3] | Total ($) |
|---|---|---|---|---|
| Paul J. Bascobert | 3,428,356 | 4,116,373 | 29,891 | 7,574,620 |
| Alison K. Engel | 2,399,884 | 3,296,265 | 9,894 | 5,706,043 |
| Maribel Perez Wadsworth | 1,900,065 | 1,659,186 | 29,684 | 3,588,935 |
| Barbara W. Wall | 5,060,841 | 1,130,758 | 19,721 | 6,147,820 |

**The Proxy Statement Contains Material Misstatements or Omissions**

30.     Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Gannett's stockholders.  The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

31.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information

concerning: (i) Gannett's financial projections, relied upon by the Company's financial advisors, Greenhill and Goldman, in their financial analyses; and (ii) Company insiders' potential conflicts of interest.

***Material Omissions Concerning Gannett's Financial Projections***

32.     The Proxy Statement omits material information regarding Gannett management's financial projections for the Company.  Specifically, the Proxy Statement sets forth:

> [o]n May 31, 2019, the Gannett Board held a meeting, with members of Gannett's senior management and representatives of Greenhill, Goldman Sachs [ ] in attendance. . . [with] [r]epresentatives of management discuss[ing] with the directors financial performance trends for 2019 and an updated sensitivity analysis for the remainder of 2019.

Proxy Statement at 58.  The Proxy Statement, however, wholly fails to disclose the financial performance trends for 2019 that Gannett management discussed with the Board at its May 31, 2019 meeting.  Additionally, the Proxy Statement fails to disclose (i) the assumptions underlying the updated sensitivity analysis for the remainder of 2019; (ii) the assumptions underlying the pre-sensitivity analysis for the remainder of 2019; (iii) whether the sensitivity analysis resulted in a downward adjustment to the Company's projections; and (iv) whether the sensitivity analysis for the remainder of 2019 was incorporated into the Gannett standalone forecasts that Gannett senior management provided to the Board in connection with its evaluation and approval of the Merger Agreement, and provided to Greenhill and Goldman, to utilize in connection with their respective financial analyses and fairness opinions.

33.     The omission of this information renders the statements in the "Background of the Merger," "Certain Gannett Unaudited Prospective Financial Information" and "Opinions of Gannett's Financial Advisors" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Company Insiders' Potential Conflicts of Interest***

34.     The Proxy Statement is materially misleading as to the conflicts of interest faced by Gannett insiders.

35.     For example, the August 5, 2019 press release announcing the Proposed Transaction clearly sets forth:

> The combined company's management team will be led by New Media's current Chairman and Chief Executive Officer, Michael Reed.  ***Alison Engel, Gannett's current Chief Financial Officer, is expected to serve as the Chief Financial Officer of the combined organization upon closing.  Gannett's newly appointed Chief Executive Officer, Paul Bascobert, will become Chief Executive Officer of the combined company's operating subsidiary***.

Emphasis added.

36.     Yet, the section of the October 10, 2019 Proxy Statement entitled "Agreements with New Media" sets forth:

> As of the date of this joint proxy statement/prospectus, ***none of the Gannett executive officers has entered into any agreement with New Media or any of its affiliates regarding employment with,*** or the right to purchase or participate in the equity of, ***New Media or one or more of its affiliates***.

*Id*. at 132 (emphasis added).  These statements conflict with the information set forth in the press release and mislead stockholders into thinking the Company's officers have not secured employment with New Media or its affiliates.  The Proxy Statement must clarify that defendant Bascobert and Engel are in fact being retained by New Media or its affiliates upon consummation of the Proposed Transaction.

37.     This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

38.     The omission of this information renders the statements in the "Interests of Gannett Directors and Executive Officers in the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

39.     The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Gannett stockholders will be unable to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

40.     Plaintiff repeats all previous allegations as if set forth in full.

41.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

42.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the financial projections utilized by the Company's financial advisors in connection with their financial analyses, and

potential conflicts of interest faced by Company insiders.  The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or seek to exercise their appraisal rights.

44.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

45.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

46.     Plaintiff repeats all previous allegations as if set forth in full.

47.     The Individual Defendants acted as controlling persons of Gannett within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Gannett, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

50.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

51.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Gannett's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed

Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Gannett stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  October 17, 2019                                    WEISSLAW LLP

                                                    By _____
                                                       Richard A. Acocelli
                                                       1500 Broadway, 16th Floor
                                                       New York, New York 10036
                                                       Tel: (212) 682-3025
                                                       Fax: (212) 682-3010
                                                       Email: racocelli@weisslawllp.com

                                                       *Attorneys for Plaintiff*